1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ORIYON ABRAHA,

10

                              Plaintiff,                    No.  C06-379Z

11

v.

                                                           ORDER

12

CITY OF SEATTLE, et al.,

13

                              Defendants.

14

15

        The Court declines to sign the proposed protective order, docket no. 21.  The Court

16

will not sign stipulated protective orders to authorize documents to be filed under seal simply

17

based on the fact that they were marked by the parties as confidential in the course of

18

discovery.  "There is a strong presumption of public access to the court's files and records

19

which may be overcome only on a compelling showing that the public's right of access is

20

outweighed by the interests of the public and the parties in protecting files, records, or

21

documents from public review."  Local Rule CR 5(g)(1).

22

        Parties seeking an order to seal any documents must provide a specific description of

23

particular documents or categories of documents they seek to protect and "*a clear statement*

24

*of the facts* justifying a seal and overcoming the strong presumption in favor of public

25

access."  Local Rule CR 5(g)(2) (emphasis added).  The facts supporting any motion to seal

26

must be provided by declaration or affidavit.  To obtain a court order sealing documents

attached to a **non-dispositive motion**, the parties must make a particularized showing under

ORDER   1–

the "good cause" standard of FED. R. CIV. P. 26(c).  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).  To obtain a court order sealing documents attached to a **dispositive motion**, such as a summary judgment motion, the parties must meet a "compelling reasons" standard and not the lesser "good cause" standard.  Id. at 1177-79; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003).

Effective July 24, 2006, whenever a party files a SEALED MOTION or SEALED DOCUMENT, the District Court ECF system will require that you refer to a prior entry. The choices will be: (1) an ORDER that authorizes filing under seal, (2) a MINUTE ENTRY authorizing filing under seal, or, (3) a MOTION TO SEAL in which you have requested the subsequently filed sealed document be allowed to remain under seal.  If none of these items exist on the docket, you will not be able to proceed.  The District Court ECF system will no longer allow you to file a document under seal without linking your sealed document or motion to one of the above.

The parties may agree on confidentiality among themselves, but when they ask that the Court be involved, they must make the requisite showing and comply with the ECF system requirements for filing sealed documents.  The stipulated protective order received by the Court will remain on the docket, but will not be signed and entered by the Court in its present form.

IT IS SO ORDERED.

DATED this 27th day of July, 2006.

Thomas S. Zilly
United States District Judge

ORDER   2–